Decided 5 April, 1899.
## BORWICK *v.* TAYLOR.

From Multnomah :  E. D. SHATTUCK, Judge.

Action by John Borwick against A. Taylor and Christie Oaks on a promissory note resulting in a verdict and judgment for plaintiff.   Dismissed on motion of appellants.

DISMISSED.

Decided 5 June, 1899.
## EX PARTE BERRY.
[ 57 Pac. 1102.]

From Umatilla :  STEPHEN A. LOWELL, Judge.

J. L. Berry appeals from an order remanding him to the custody of the sheriff after a hearing on his application to be released on a writ of *habeas corpus*.

REVERSED.

*Mr. J. H. Raley*, for appellant.

*Messrs. D. R. N. Blackburn*, Attorney-General, and *Henry J. Bean*, District Attorney, for respondent.

MR. JUSTICE BEAN delivered the opinion of the court.

The petitioner was, on September 12, 1898, committed to await the action of the grand jury for the crime of "itinerantly vending medicine without a license," in violation of the provision of section 11 of the act of 1889, entitled "An act to regulate the practice of medicine and surgery in the State of Oregon," as amended by the act of 1891.   He subsequently applied to be discharged under a writ of *habeas corpus*, but was remanded to the custody of the defendant, from which judgment he appeals.   The questions presented in the appeal are identical with those in the case of *Ex parte Ferdon*, 35 Or. 171, with the exception that the petitioner was a regularly licensed phy-